IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION

No. 1:09-CR-46

United States of America

v.

Benjamin Michael Kollar

                              Defendant

Report and Recommendation of United States Magistrate Judge
Re: Motion to Withdraw Attorney

Defendant's court-appointed attorney, Kevin Sekaly-Cribbs, Esq., filed a "Motion to Withdraw as Attorney of Record". The motion is referred to the undersigned for a recommended disposition.

Counsel's motion recites that "defendant has instructed undersigned counsel to file this withdrawal." Further, the motion avers that "circumstances have caused an irreconcilable breakdown in the attorney client relationship which prevents undersigned counsel from providing effective assistance of counsel; additionally, to continue representing Defendant would also create an ethical conflict for counsel."

The motion was filed simultaneously with and is interrelated to a motion by defendant to withdraw his previously-accepted guilty plea. An evidentiary

hearing on both motions was convened on September 28, 2009. The court received evidence submitted by defendant, his counsel and counsel for the United States.

Subsequently, the undersigned recommended that defendant's motion to withdraw his guilty plea be denied. Report, October 20, 2009, Doc. No. 32. That report summarized relevant proceedings to date and the factual background, which summaries are incorporated herein by reference. As required by governing circuit law, one relevant factor substantively analyzed in the report was whether defendant was adequately represented by counsel when he pleaded guilty. The report concluded that counsel's representation of defendant to date has been competent and effective. Id., at Section 3(B)(3).

At the evidentiary hearing, no extrinsic evidence of an irreconcilable breakdown in the attorney-client relationship or of an ethical conflict was presented. It appears, therefore, that counsel's instructed motion to withdraw was, instead, based primarily on defendant's subjective expectation that the matter might subsequently proceed to a plenary trial. If the report's recommendation is adopted, that scenario will not come about, thus removing defendant's incentive for asking his counsel to withdraw. In any event, there is no present evidentiary basis for concluding that counsel has an ethical or other conflict of interest, or any impediment whatsoever to continuing to provide defendant with effective assistance of counsel. Therefore, there is no legitimate basis for granting the motion relating to withdraw as court-appointed defense counsel.

## RECOMMENDATION

The "Motion to Withdraw as Attorney of Record" (Docket No. 25) should be denied, unless defendant elects to formally waive his right to counsel and

proceed *pro se*. If defendant elects to proceed *pro se*, current counsel should be reappointed in standby capacity.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglas v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this  24   day of October, 2009.

_____
Earl S. Hines
United States Magistrate Judge